**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RANDI L. SMITH, | ) | Case No. 12 CV 8630 |
| | ) | |
| Plaintiff, | ) | |
| | ) | Judge Charles P. Kocoras |
| v. | ) | |
| | ) | Magistrate Judge Young B. Kim |
| APTAR GROUP, INC., | ) | |
| | ) | |
| Defendant. | ) | |

<u>**DEFENDANT APTAR GROUP INC.'S 12(b)(6) MOTION TO DISMISS**</u>

NOW COMES Defendant, APTAR GROUP, INC., by and through its attorneys, SMITHAMUNDSEN, LLC, and pursuant to Federal Rule of Civil Procedure 12(b)(6) moves this Honorable Court to dismiss Counts I, II, and III of Plaintiff's Complaint in their entirety. In support of its Motion to Dismiss, Defendant states as follows:

**I.       INTRODUCTION**

On October 29, 2012, Plaintiff, Randi Smith (herein "Plaintiff" or "Smith"), a current employee of Defendant, filed a three (3) count Complaint against Defendant, Aptar Group, Inc. (herein "Defendant" or "Aptar"). In her Complaint, Plaintiff alleges that she was discriminated against based on her sex in violation of Title VII of the Civil Rights Act of 1964 (Count I), retaliated against in violation of the Family Medical Leave Act (herein "FMLA")(Count II), and further retaliated against in violation of Title VII (Count III).

Accepting the pleaded facts as true, various claims and counts of the Complaint fail to state a claim upon which relief can be granted. For instance, Plaintiff fails to allege an adverse employment action or a plausible causal connection to succeed in her sex discrimination or retaliation claims under Title VII. Moreover, Plaintiff's Title VII claims are also time-barred, in

part, pursuant to the applicable 300-day statute of limitations. Lastly, Plaintiff fails to allege that she engaged in FMLA protected activity or suffered an adverse action sufficient to state a claim entitling her to relief with respect to her Count II allegations. For the reasons explained herein, Plaintiff cannot lay out any facts in Counts I-III of her Complaint that will entitle her to relief and, therefore, this Honorable Court should dismiss Plaintiff's Complaint in its entirety, with prejudice.

## II.    STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the Complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a 12(b)(6) motion, the court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 334 (7th Cir. 2012). In order to survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of the claim's basis, but must also establish that the requested relief is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009). As the Supreme Court explained it is the "plaintiff's obligation to provide the 'grounds' of [her] 'entitle[ment] to relief' by providing 'more than labels and conclusions,' because 'a formulaic recitation of the elements of a cause of action will not do.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56, 127 S. Ct. 1955 (2007). "[N]aked assertion[s] devoid of further factual enhancement" will not suffice. *Ashcroft*, 556 U.S. at 678.

In short, a court should only assume to be true a complaint's well-pleaded factual allegations, and not its mere legal conclusions, when determining whether such allegations plausibly give rise to relief. See, e.g., *Agnew*, 683 F.3d at 334 ("While factual allegations must be accepted as true, legal conclusions may not be considered"). The Seventh Circuit has read the

*Twombly* decision as imposing "two easy-to-clear hurdles." *EEOC v. Concerta Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). First, the complaint must describe the claim in detail sufficient to give the defendant "fair notice of what the … claim is and the grounds upon which it rests." *Id.* Second, the allegations in the complaint must plausibly suggest that "the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *Id.* Plaintiff's Complaint fails to clear either hurdle.

## III. PLAINTIFF'S COMPLAINT FAILS TO STATE PLAUSIBLE CLAIMS UPON WHICH RELIEF MAY BE GRANTED

### A. Plaintiff Fails To Allege Sufficient Facts To Establish An Adverse Employment Action Under Title VII

In Count I of her Complaint, Plaintiff alleges that her supervisors unlawfully discriminated against her, based on her sex, and treated similarly situated male employees more favorably in violation in Title VII. To succeed on her sex discrimination claim, Plaintiff must allege that: (1) she belongs to a protected class; (2) she performed her job satisfactorily; (3) *she suffered an adverse employment action*; and (4) her employer treated similarly situated employees outside her classification more favorably. See *Randall v. Unitech Sys., Inc.*, 243 F. Supp. 2d 822, 828 (N.D. Ill. 2003)(emphasis added).

In Count III, Plaintiff further alleges that she has been "intentionally retaliated against, based upon her filing requests for FMLA time," in violation of Title VII. (See Compl., ¶22). To state a claim for Title VII retaliation, Plaintiff must show: (1) she engaged in statutorily protected activity; (2) *she suffered an adverse action by her employer*; and (3) there is a causal link between the protected activity and the adverse action. *Parquet v. Rubin*, 1997 WL 695671, *4 (N.D. Ill. 1997), citing *Doe v. City of Belleville*, 119 F.3d 563, 596 (7th Cir. 1997)(emphasis added).

3

Plaintiff has not alleged facts sufficient to show that she suffered an adverse employment action. No actionable claim for retaliation or discrimination will lie unless a plaintiff has suffered some adverse employment action. See *Ribando v. United Airlines, Inc.*, 200 F.3d 507, 510 (7th Cir. 1999). Adverse employment actions are those that affect an employee's compensation, terms, conditions, or privileges of employment, deprive employees of equal opportunities, or adversely affect an employee's status. *McDonnell v. Cisneros*, 84 F.3d 256, 258-59 (7th Cir. 1996). A materially adverse employment action may be "a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation." *Ribando*, 200 F.3d at 511.

However, not every employment decision that makes an employee unhappy is an adverse action that leads to actionable discrimination. *Smart v. Ball State Univ.*, 89 F.3d 437, 441 (7th Cir. 1996). For instance, unfair reprimands or negative performance evaluations unaccompanied by some ***tangible*** job consequence are not adverse employment actions. See *Grube v. Lau Indus., Inc.*, 257 F.3d 723, 729 (7th Cir. 2001)(emphasis added). Here, Plaintiff alleges that she is a current Aptar employee and "is employed as a Training Coordinator." (See Compl., ¶5). Plaintiff further alleges that she has been employed by Aptar since May 1, 2008. (See Compl., ¶5).

Contrary to Plaintiff's factual allegations, she vaguely concludes that she has "suffered a loss of earnings and benefits," "suffered in her position, [that] her work environment has become impaired and [that] her work performance has been impaired," and has "suffered emotional pain, humiliation, mental anguish, loss of enjoyment of life, and emotional distress."[1] (See Compl.,

---

[1] Plaintiff's claimed emotional distress does not rise to the level of an adverse employment action. See *Mangano v. Sheahan*, 2002 WL 1821738, *7 (N.D. Ill. Aug. 7, 2002)("[W]e agree with Defendants that Plaintiff's depression and resultant medical

¶¶13, 14, 23). These "naked assertions" of lost earnings and benefits devoid of any further factual enhancements are insufficient to provide Aptar with the type of notice to which it is entitled under the Federal Rules of Civil Procedure. See, e.g., *Ashcroft*, 556 U.S. at 678; see also *Airborne Beepers & Video, Inc. v. AT&T Mobility, LLC*, 499 F.3d 663, 667 (7th Cir. 2007)(recognizing that "at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8").

Plaintiff's vague and conclusory allegations fail to put Aptar on notice of the basis of her claims and the grounds upon which they rest. Nowhere in Plaintiff's Complaint does she allege any facts that establish what actions Aptar allegedly took that led to her claimed lost earnings or when these acts or losses occurred. Plaintiff further fails to allege any facts supporting a causal link between such lost earnings and her sex in order to show Plaintiff has a plausible right to relief. She does not allege any facts to establish that she was terminated, constructively discharged, demoted, assigned a less distinguished title, suspended without pay, subjected to a loss of material benefits or responsibilities, or subjected to any other relevant accoutrement of her position. Such legal conclusions and abstract recitations that she lost earnings fail to "raise [Plaintiff's] right to relief above the speculative level" and show that her claims are plausible.

Taking the well-plead allegations of Complaint as true; Plaintiff has not alleged any facts sufficient to infer that she has suffered an adverse employment action. Rather, based on her own allegations, Aptar has continuously employed Plaintiff from May 1, 2008 to the present – ***prior***

---

leave did not constitute an adverse employment action. Adverse employment actions … do not extend to the subjective impact of a particular action on an employee's psyche").

*to and after* the claimed discrimination and retaliation occurred. (See Compl., ¶¶5, 10, 22, 23). Notwithstanding the liberal pleading requirements, Plaintiff fails to allege **sufficient facts** to show she suffered an adverse employment action and, therefore, Counts I and III should be dismissed. See *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)(recognizing that the Court "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements").

Even assuming, *arguendo*, that Plaintiff has sufficiently pled an adverse action, Plaintiff has failed to allege the existence of a causal connection between any alleged adverse action and her protected activity sufficient to state a Title VII retaliation claim. Plaintiff alleges that she filed a charge of discrimination with the Equal Employment Opportunity Commission. (See Compl., ¶7). Plaintiff's charge was filed on February 14, 2012. (See Compl., Exhibit A). There are no other factual allegations in Plaintiff's Complaint which establish that Plaintiff was retaliated against and subjected to an adverse employment action **because** she engaged in protected activity. Plaintiff's Complaint fails to connect her loss of earnings allegation with the fact that she engaged in protected activity. As a result, Plaintiff's Count III claim for retaliation must also fail.

**B. <u>Plaintiff's Title VII Claims Occurring Prior To April 21, 2011, Are Barred By The Applicable Statute Of Limitations</u>**

Smith filed her Charge of Discrimination alleging sex discrimination and retaliation with the EEOC on February 14, 2012. Her charge alleges that the earliest date discrimination took place was on September 12, 2011, and the latest was December 20, 2011. Smith did not allege a continuing violation in her charge. Despite the temporal scope of her charge of discrimination, Plaintiff now alleges that "[s]ince **September 2009**, Smith's immediate supervisor, wrongfully harassed and deliberately accused Smith of poor performance (attendance), her supervisor

knowingly treated Smith differently than other employees whom were male, whose performance (attendance) was the same as or less than that of Smith, and she was held to a higher standard of performance than her male co-workers." (See Compl., ¶10)(emphasis added).

As a rule, a plaintiff cannot file a lawsuit alleging claims under Title VII that were not first presented to the EEOC in a charge of discrimination. See *Cheek v. W. and S. Life Ins., Co.*, 31 F.3d 497, 499 (7th Cir. 1994). More specifically, an employee may not complain to the EEOC of only certain instances of discrimination and then attempt to seek relief in court for different or additional instances of discrimination. See *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992). To be timely under Title VII, a charge of discrimination must be filed within 300 days after the alleged unlawful employment practice. See 42 U.S.C. §2000e-5(e)(1). Plaintiff filed her charge on February 14, 2012; therefore, any claims involving unlawful employment practices that occurred *prior* to April 21, 2011 (300 days earlier), are time-barred by Title VII. *Id.*

Plaintiff's allegations of Title VII discrimination (Count I) and/or retaliation (Count III) occurring in 2009, 2010, and prior to April 21, 2011 fall outside the statutory filing period and are time-barred. Accordingly, this Honorable Court should dismiss Plaintiff's allegations occurring before the earliest date of discrimination identified in her EEOC charge and those allegations outside the 300-day limitation period with prejudice because they exceed the scope of her charge.

### C. **Plaintiff Fails To Allege Facts Sufficient To State A Claim Under The FMLA**

Plaintiff identifies her Count II claim as retaliation in violation of the FMLA. However, Plaintiff's Count II allegations appear to assert a claim for FMLA interference. (See Compl., ¶¶16-20). Plaintiff alleges, "Aptar *interfered* with Smith's FMLA rights by failing to give Smith

proper FMLA credits and in doing so willfully and intentionally denied Smith the rights and benefits as provided under the FMLA." (See Compl., ¶18)(emphasis added). Plaintiff further alleges, "[a]s a result of Aptar's *interference*, Smith has lost tangible employment wages and benefits." (See Compl., ¶19)(emphasis added). Under either a FMLA retaliation or interference theory, Plaintiff's allegations are factually deficient to survive this Motion.

To state a claim for FMLA interference, Plaintiff must allege (1) she was eligible for FMLA protections; (2) her employer was covered by the FMLA; (3) she was entitled to take leave under the FMLA; (4) she provided sufficient notice of her intent to take leave; and (5) and her employer denied her FMLA benefits to which she was entitled. *Ryan v. Pace Suburban Bus Div. of Reg'l Transp. Auth.*, 837 F. Supp. 2d 834, 838-39 (N.D. Ill. 2011). Plaintiff has not alleged any facts to demonstrate that she was eligible for FMLA protections, entitled to take leave under the FMLA, that she provided notice of her intent to take leave, and/or what benefits Aptar denied her that were due under the FMLA. See *Daugherty v. Wabash Ctr., Inc.*, 577 F.3d 747, 750 (7th Cir. 2009)("To show a violation of FMLA rights, plaintiffs must show that they are eligible for FMLA protection").

The FMLA provides eligible employees with 12 weeks of unpaid leave during any 12-month period for the birth or placement of a child, the employee's own serious health condition, to care for a family member with a serious health condition, or for a qualifying exigency. 29 U.S.C. §2612(a)(1), (c). In addition to providing eligible employees with 12 weeks of unpaid leave, the FMLA also ensures that those who take leave will be restored to their former or equivalent position upon returning to work. See 29 U.S.C. §2614(a)(1). There are no factual allegations demonstrating that Aptar denied Plaintiff leave under the FMLA or that Aptar failed to reinstate Plaintiff to her position of Training Coordinator. To the contrary, Plaintiff alleges

that she is presently employed as Aptar's Training Coordinator. (See Compl., ¶5). Because the FMLA provides the benefit of unpaid leave, Plaintiff's allegations that she has lost earnings because she asserted her rights under the FMLA is incongruous with the rights and benefits provided by the FMLA and fails to state a plausible claim under the FMLA. (See Compl., ¶¶19, 20).

Similarly, to state a claim for FMLA retaliation, Plaintiff must allege that (1) she engaged in a statutorily protected activity; (2) she suffered an adverse action; and (3) there was a causal link between the protected activity and the adverse action. *Ryan*, 837 F. Supp. 2d at 838, citing *Ames v. Home Depot U.S.A., Inc.*, 629 F.3d 665, 670 (7th Cir. 2011). Plaintiff fails to allege facts to satisfy the first element – that she engaged in a statutorily protected activity by requesting and taking leave under the FMLA. Plaintiff has neither alleged facts establishing that she was entitled to and took a FMLA leave absence, nor that she requested and was denied a FMLA leave. See *Long v. Teachers' Ret. Sys. of Ill.*, 585 F.3d 344, 350 (7th Cir. 2009)(recognizing that "[a]n employer cannot retaliate if there is nothing for it to retaliate against"). Nor does Plaintiff allege facts sufficient to establish that Aptar took an adverse action against her because she took leave under the FMLA or establish the existence of a causal connection between her "leave" and any adverse action. As demonstrated in subsection A, *infra*, Plaintiff has failed to allege any facts to establish that she was deprived of responsibility, hours, pay, or any other relevant accoutrement of her position, which could arguably constitute an adverse action or a violation of the FMLA's job restoration requirement.

Based on the foregoing, Plaintiff has failed to allege any facts sufficient to state a claim of either retaliation or interference under the FMLA. As such, Count II of Plaintiff's Complaint should be dismissed.

**IV.     CONCLUSION**

WHEREFORE, the Defendant, Aptar Group, Inc., respectfully requests that this Honorable Court dismiss Counts I, II, and III of Plaintiff's Complaint in their entirety and with prejudice pursuant to Rule 12(b)(6), and for any other relief that this Court deems just and proper.

Respectfully submitted,
APTAR GROUP, INC.


 /s/ Jeffrey A. Risch
Jeffrey A. Risch, Esq.


Jeffrey A. Risch, Esq. (ARDC# 6271407)
Samantha J. Esmond (ARDC #6297584)
SMITHAMUNDSEN LLC
3815 East Main Street, Suite A-1
St. Charles, Illinois 60174
(630) 587-7910 – Telephone
(630) 587-7960 – Facsimile
jrisch@salawus.com
sesmond@salawus.com
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on November 28, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all CM/ECF participants, and I hereby certify that I have mailed by United States Postal Service the document to any non CM/ECF participants:

Michael T. Smith

Michael T. Smith & Associates

440 West Irving Park

Roselle, IL 60172

Email: msmith39950@aol.com

**ATTORNEY FOR PLAINTIFF**

 s/ Jeffrey A. Risch_____

Jeffrey A. Risch, Esq.

Jeffrey A. Risch, Esq. (ARDC# 6271407)

Samantha J. Esmond (ARDC #6297584)

SmithAmundsen LLC

3815 E. Main Street, Suite A-1

St. Charles, IL 60174

(630) 587-7910 – Telephone

(630) 587-7960 – Facsimile

**ATTORNEYS FOR DEFENDANT**