UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RANDI L. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 12 C 8630 |
| | ) | |
| APTAR GROUP, INC., | ) | |
| | ) | |
| Defendant. | ) | |

# **MEMORANDUM OPINION**

CHARLES P. KOCORAS, District Judge:

This matter comes before the Court on the motion of Defendant Aptar Group Inc. ("Aptar") to dismiss pursuant to Federal Rule Civil Procedure 12(b)(6). For the reasons set forth below, the motion is granted.

## BACKGROUND

Plaintiff Randi Smith ("Smith") is a female employee of Aptar and has been employed with the company since May 1, 2008. For the purposes of this motion only, we accept as true all well-pled allegations of Smith's complaint. Since September 2009, her immediate supervisor wrongfully harassed her and accused her of performing her work at an inadequate level. She also alleges that she was treated differently from other male employees who performed at the same level as her. As a result of the discrimination Smith contends that suffered a loss of earnings.

Smith filed a charge with the Equal Employment Opportunity Commission ("EEOC") on January 31, 2012, alleging that she was retaliated against based on her sex. Smith's EEOC charge of discrimination states that the earliest discriminatory act took place on September 12, 2011 and the discrimination concluded on December 20, 2011. On July 31, 2012, Smith received a Notice of Right to Sue, from the EEOC. On October 29, 2012, Smith filed a three count complaint alleging, discrimination in violation of Title VII (Count I); retaliation in violation of the Family Medical Leave Act (Count II); and retaliation in violation of Title VII (Count III). Smith has met all procedural prerequisites to bring the present suit.

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss is used to test the legal sufficiency of a complaint. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7,* 570 F.3d 811, 820 (7th Cir. 2009). When reviewing a motion to dismiss, the court accepts as true all factual allegations pled in the complaint and draws all reasonable inferences in favor of the nonmoving party. *Id*. Pursuant to Rule 8(a)(2), a complaint must contain "a 'short and plain statement of the claim showing that the pleader is entitled to relief,' sufficient to provide the defendant with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Additionally, the allegations in the complaint must

"actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above a speculative level." *Tamayo*, 526 F.3d at 1084 (emphasis in original). For an employment discrimination claim to survive a motion to dismiss under Rule 12(b)(6), a plaintiff is not required to allege facts corresponding to each element of a prima facie case of discrimination. *See Twomby*, 550 U.S. at 569. (recognizing that "a complaint in an employment discrimination lawsuit [need] not contain specific facts establishing a prima facie case of discrimination under the framework set forth in *McDonnel Douglas Corp.*") (internal quotations omitted). A plaintiff's complaint is required to state the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer. *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002).

## DISCUSSION

**Count I-Title VII Discrimination**

Smith contends that beginning in September 2009 she was subjected to sex discrimination and harassment based on her sex. Aptar asserts that the dismissal of Smith's complaint is warranted because Smith has failed to sufficiently lay forth the necessary facts to establish a Title VII claim for discrimination. Both parties agree that the indirect method is most appropriate to determine Smith's discrimination claim. To establish a prima facie case of sex discrimination using the indirect method, Smith must make allegations that plausibly suggest that: 1) she belongs to a protected class; 2) she

performed her job satisfactorily; 3) she suffered an adverse employment action; and 4) her employer treated similarly situated employees outside of her protected class more favorably. *Gordon v. United Airlines, Inc.*, 246 F.3d 878, 885-86 (7th Cir. 2001). Aptar contends that Smith has failed to sufficiently allege that she suffered an adverse employment action. Assuming arguendo that an adverse action has been sufficiently pled, Aptar argues that the complaint fails to give adequate notice of timing of the adverse employment actions. Each issue will be dealt with in turn.

### A. Adverse Employment Action

Aptar contends that Smith has failed to sufficiently plead the adverse employment element of a Title VII sex discrimination case. "[An] adverse job action must be materially adverse, meaning more than a mere inconvenience or an alteration of job responsibilities." *Ribando v. United Airlines, Inc.*, 200 F.3d 507, 511 (7th Cir. 1999). The complaint states that Smith was deliberately accused of poor performance. The Seventh Circuit has consistently held that oral and written reprimands and poor performance reviews do not constitute an adverse employment action for the purposes of a Title VII discrimination claim. *Oest v. Illinois Dept. of Corrections*, 240 F.3d 605, 613 (7th Cir. 2001). Smith also alleges that her supervisor harassed her and treated her differently than other male employees who performed their position at the same level of competence as her, and that she suffered a loss of earnings as a result. The allegations in Smith's complaint sufficiently state employment actions which are materially adverse

since her loss of earnings constitute more than just an inconvenience or an alteration of job responsibilities. Our finding that an adverse action has been pled does not conclude the inquiry into the scope of the actions pled in Smith's complaint.

**B. Timing of Adverse Actions**

Aptar argues that if the Court finds that an adverse employment action has been properly pled, that in the alternative the complaint fails to sufficiently provide notice of the time the alleged discriminatory practices took place. Smith alleges in her complaint that she was subjected to sexual harassment beginning in September 2009, while her EEOC charge relegated the discriminatory acts to a specific time period, September 12, 2011to December 20, 2011. Aptar argues that Smith's allegations referencing conduct occurring in September 2009 are time barred. Aptar points to the fact that claims of discrimination under Title VII must be brought within 300 days after an alleged unlawful employment practice. *See* 42 U.S.C. § 2000e-5(e)(1).

Smith did not indicate in her EEOC charge of discrimination or her complaint that she endured continuing sexual harassment. She argues for the first time in her response to Aptar's motion to dismiss that she was subjected to a continuing pattern of sexual harassment which was carried out in a series of discrete discriminatory acts. Smith invites the Court to consider the allegations occurring in September 2009 as continuing violations, which are reasonably related to the allegations contained in her EEOC complaint.

Claims in a complaint are reasonably related to allegations in an EEOC charge when they are "so related and intertwined in time, people and substance that to ignore that relationship for strict technical application of the rule would subvert the liberal purposes of the Act." *Sitar v. Indiana Dept. of Transp.,* 344 F.3d 720, 726 (7th Cir. 2003). Smith does not allege in her EEOC charge that she was subjected to continuing harassment. Her EEOC charge cites September 12, 2011 to December 20, 2011 as the specific dates when the discriminatory acts occurred. In Smith's complaint she broadly states that the harassment began in September 2009, much earlier than the time specified in the EEOC charge. Smith's failure to specify the continuing scope of her harassment in her EEOC charge is not alone fatal, however her subsequent complaint does not adequately include enough facts to determine if the September 2009 harassment was reasonably related to the harassment in 2011. Smith does not provide the name of her supervisor who perpetrated the discriminatory acts or give specific instances of the alleged discriminatory conduct. In the absence of these facts the Court finds that the incidents of discrimination that occurred in September 2009 were different episodes of harassment and are not reasonably related to the alleged acts that occurred from September 12, 2011 to December 20, 2011. *See Rush v. McDonald's Corp.*, 966 F.2d 1104, 1100 (7th Cir. 1992) (determining that the EEOC charge and complaint were not alike or reasonably related where the employee complained to the EEOC of certain episodes of race discrimination, and then sought judicial relief for different episodes of

race discrimination). The Court grants Aptar's motion and dismisses Count I without prejudice and grants Smith leave to clarify the nature of the adverse employment actions that Smith endured between September 12, 2011 and December 20, 2011.

**Count II-FMLA Interference**

Count II of Smith's complaint prominently indicates that she seeks to bring a FMLA retaliation claim. However the allegations contained in the complaint refer to Aptar's interference with Smith's FMLA rights. Additionally, Smith's response brief invites the Court to evaluate Count II as a FMLA interference claim. The Court construes Count II of Smith's complaint as a FMLA interference claim.

Employers are prohibited from interfering with an employee's attempt to exercise her rights under the FMLA. 29 U.S.C. § 2615(a)(1). To prevail on her FMLA interference claim, Smith must establish that; 1) she was eligible for the FMLA's protections; 2) her employer was covered by the FMLA; 3) she was entitled to leave under the FMLA; 4) she provided sufficient notice of her intent to take leave; and 5) her employer denied her FMLA benefits to which she was entitled. *Caskey v. Colgate-Palmolive Co.*, 535 F.3d 585, 591 (7th Cir. 2008).

Aptar contends that Smith has failed to establish the third and fourth elements of her FMLA interference claim: whether Smith was entitled to take FMLA leave, and whether she provided sufficient notice of her intent to take leave. Aptar asserts that Smith's vague allegations concerning her request for FMLA leave do not plausibly

suggest that she was initially entitled to FMLA leave. An employee is entitled to FMLA leave if she is afflicted with a "serious health condition" and that the condition renders her unable to perform the functions of her job. 29 U.S.C § 2612(a)(1)(D). To establish an entitlement to FMLA leave, the Plaintiff only needs to show that she was denied a benefit to which the Act provides her. *Burnett v. LFW Inc.*, 472 F.3d 471, 477 (7th Cir. 2006).

The complaint simply states that Aptar failed to give Smith her proper FMLA credits and by doing so intentionally denied Smith her benefits provided under the FMLA. Smith does not provide any indication that she was entitled to take FMLA leave or specify the type of benefits she was entitled to. Smith has not adequately provided Aptar sufficient notice of FMLA interference claim. Accordingly, the Court dismisses Count II.

**Count III-Title VII Retaliation**

Smith asserts that Aptar retaliated against her when she requested FMLA time. Smith utilizes the retaliation provision of Title VII to seek recourse for her FMLA retaliation claim. The anti-retaliation provision of Title VII prohibits an employer from taking adverse employment actions against an employee because she opposed an unlawful employment practice. *See* 42 U.S.C. § 2000e-3(a); *Burlington N. & Santa Fe R.R. Co. v. White*, 548 U.S. 53, 62 (2006). An exercise of FMLA rights does not fall under the classification of opposing an unlawful employment practice for the purposes

of Title VII. *See* 42 U.S.C. § 2000e-3(a). Although a retaliation claim under Title VII and the FMLA establish violations by using the same direct and indirect method, Title VII does not provide a basis to redress a FMLA violation. *See Smith v. Hope Sch.*, 560 F.3d 694, 702 (7th Cir. 2009).

In this case, Smith alleges that Aptar retaliated against her for filing requests for FMLA time. Smith does not allege that Aptar retaliated against her for engaging in an activity protected by the Title VII. Accordingly, Aptar's motion to dismiss Count III is granted.

## CONCLUSION

For the aforementioned reasons, the Court dismisses the complaint.

_____
Charles P. Kocoras
United States District Judge

Dated:   February 21, 2013